No. 4:25-cv-00618

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

In re THE CONTAINER STORE GROUP, INC., et al.,
Debtors.

KEVIN M. EPSTEIN, UNITED STATES TRUSTEE
Appellant,

v.

THE CONTAINER STORE GROUP, INC., et al.,
Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

### APPELLANT'S RESPONSE TO APPELLEES' NOTICE OF SUPPLEMENTAL AUTHORITY

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
Trial Attorney

Department of Justice
Executive Office for United States
   Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
E-mail: Beth.A.Levene@usdoj.gov

KEVIN M. EPSTEIN
United States Trustee for Region 7
MILLIE APONTE SALL
Assistant United States Trustee
HA M. NGUYEN
Trial Attorney

Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
202-590-7962
E-mail: Ha.Nguyen@usdoj.gov

Appellees' supplemental-authority submission should not sway this Court. The government has appealed *In re GOL Linhas Aéreas Inteligentes S.A.,* Case No. 24-10118 (Bankr. S.D.N.Y. May 22, 2025), because it is erroneous, including on the three points Appellees raise.

First, section 1123(b)(6) does not authorize replacing state law governing agreements between non-debtors with judge-made federal law. Though section 1123(b)(6) allows plans to include "any other appropriate provision not inconsistent with [the Code]," imposing third-party releases that are invalid under nonbankruptcy law is not "appropriate." The Supreme Court in *Purdue* held section 1123(b)(6) is not a freestanding source of authority to impose third-party releases. *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 218-19 (2024). *GOL*'s reading of section 1123(b)(6) as displacing state contract law for nonbankruptcy claims would endow bankruptcy courts with a "radically different power," *id.* at 218 (cleaned up), contrary to well-established constitutional principles that only Congress has the power to preempt state law. *See* Opening Br. at 21-23; Reply at 3-8. Nor can support for this radically different power be found in *United States v. Energy Resources Co.*, which was expressly "consistent with the traditional understanding" of bankruptcy courts' "authority to modify *creditor-debtor relationships.*" 495 U.S. 545, 549 (1990) (emphasis added).

Second, there is no "federal bankruptcy law" governing when non-debtors have released claims against each other. The law governing implied consent to Article I adjudication is inapposite and does not supersede state contract law. *See* Opening

1

Br. at 26-35; Reply at 19-20; *cf. Imperial Industrial Supply Co. v. Thomas*, 825 F. App'x 204, 206 (5th Cir. 2020) (state law governs consent to arbitration).  In any event, there is no conduct here from which consent may be implied; no one has ever submitted the released non-debtor claims to the bankruptcy court for adjudication.

Third, even assuming the releases "affect[ed] the *res* of the Debtors' estates" in *GOL*, Op. at 55, that is not true here.  Because the extinguished non-debtor claims impact neither the estate nor the now-consummated plan's execution, there is no subject-matter jurisdiction under Fifth Circuit precedent for the injunction.  *See* Opening Br. at 43-44; Reply at 21-22.

May 28, 2025                                                  Respectfully submitted,

                                                       KEVIN M. EPSTEIN
                                                      United States Trustee for Region 7

                                                       By:  *Beth A. Levene*
                                                            BETH A. LEVENE
                                                            Trial Attorney

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
Trial Attorney

Department of Justice
Executive Office for United States
 Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
E-mail: Beth.A.Levene@usdoj.gov

KEVIN M. EPSTEIN
United States Trustee for Region 7
MILLIE APONTE SALL
Assistant United States Trustee
HA NGUYEN
Trial Attorney

Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
202-590-7962
E-mail: Ha.Nguyen@usdoj.gov

3

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Bankruptcy Procedure 8014(f) because, excluding the parts of the document exempted by Federal Rule of Bankruptcy Procedure 8015(g), this document contains 350 words.

This document complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*Beth A. Levene*
BETH A. LEVENE
Trial Attorney

## CERTIFICATE OF SERVICE

I certify that on May 28, 2025, I caused the foregoing document to be served via the CM/ECF Electronic Filing system on all parties.

> By: <u>*Beth A. Levene*</u>
> BETH A. LEVENE
> Trial Attorney